```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RODNEY S. SINK,
                    Plaintiff,         DECISION AND ORDER
                                       No. 1:12-cv-00239(JJM)(MAT)
     -vs-

CAROLYN COLVIN,

                    Defendant.
_____
```

## I.  Introduction

This matter comes before the Court following a Report & Recommendation (Dkt #17) filed on March 30, 2015, by the Honorable Jeremiah J. McCarthy, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72(b) and (c) of the Western District of New York. In his Report & Recommendation ("R&R"), Judge McCarthy recommended that the Commissioner's decision denying Supplemental Security Income ("SSI") benefits to plaintiff Rodney Sink ("Plaintiff") be affirmed in full.

The Court has before it the entire file, as well as Judge McCarthy's R&R and Plaintiff's Objections to Report & Recommendation ("Pl's Obj.") (Dkt #20). Defendant has not filed any responsive papers to Plaintiff's Objections.

When reviewing a magistrate judge's report and recommendation, a district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" 28 U.S.C. § 636(b), and "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge[,]" id. Where no "specific written objection" is made to portions of the magistrate judge's report, the district court may adopt those portions, "as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." Eisenberg v. New England Motor Freight, Inc., 564 F. Supp.2d 224, 226 (S.D.N.Y. 2008) (citing FED. R. CIV. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985); other citation omitted). The district court is not required to review any portion of a magistrate judge's report that is not the subject of an objection. Eisenberg, 564 F. Supp.2d at 227 (citing Thomas, 474 U.S. at 149). Here, Plaintiff has asserted one specific objection–that Judge McCarthy erroneously found that the ALJ's residual functional capacity ("RFC") assessment adequately accounted for Plaintiff's limitations in handling stress. See Pl's Obj., p. 7 of 11. The Court therefore must consider, de novo, Judge McCarthy's analysis of this issue. As discussed further below, the R&R is approved and adopted in its entirety.

**II. Discussion**

The Court discusses the administrative record, including Plaintiff's medical history and the ALJ's decision, only insofar as is necessary to the resolution of whether Plaintiff's objection has merit.

Plaintiff, who was 40 years-old on the alleged onset date of March 1, 2008, filed an application for SSI based on degenerative joint disease of the right shoulder dating back to 2006, as well as chronic depression and an anxiety disorder. Psychologist Thomas E. Ryan, Ph.D. performed a consultative examination of Plaintiff on August 14, 2008. See T.240-43.[1] At the conclusion of his report, Dr. Ryan issued the following Medical Source Statement:

> [Plaintiff] demonstrates no significant limitation in ability to follow and understand simple instructions, perform simple tasks, maintain attention and concentration, maintain a regular schedule, learn new tasks, perform some complex tasks. [He has] [m]oderate to severe limitation in ability to make appropriate decisions, relate with others, and deal with stress.

T.242.

At step two of the sequential evaluation, the ALJ found that in addition to several severe physical impairments (degenerative joint disease of the right shoulder, carpal tunnel syndrome, and chronic obstructive pulmonary disease), Plaintiff has the following severe mental impairments: mood disorder and anxiety disorder. Decision. T.16. Examining Plaintiff's mental impairments in the context of Listings 12.04 (Affective Disorder) and 12.06 (Anxiety Disorders), the ALJ found that Plaintiff does not meet the "B" criteria of those listings, since he has only mild restrictions in activities of daily living, moderate difficulties in social

---

[1] Numerals preceded by "T." refer to pages from the transcript of the administrative record.

functioning, moderate difficulties in maintaining concentration, persistence, and pace, and no episodes of decompensation. In particular, the ALJ noted that in terms of social functioning, Plaintiff had reported symptoms of anxiety, social withdrawal, outbursts of anger including a history of assaults, and difficulty getting along with others, such as neighbors, family and co-workers. However, the ALJ opined, there is "no indication" that Plaintiff was unable to relate appropriately with others, although he "would likely benefit from reduced social interaction in the work place environment." T.17.

The ALJ stated that when reviewing the medical opinions of record, he had "given great weight to the opinions of the consultative medical and psychiatric[2] examiners [i.e., Dr. Ryan]." T.22. The ALJ discussed some of the findings Dr. Ryan observed during his clinical examination, but did not specifically mention any portion of Dr. Ryan's Medical Source Statement, T.242, quoted above.

In his RFC assessment, the ALJ determined, among other things, that Plaintiff would be able to understand, remember, and carry out simple instructions; make judgments on simple work-related decisions; interact appropriately with supervisors and coworkers in a routine work setting; and respond to usual work situations and

---

[2] As Judge McCarthy noted, although the ALJ referred to Dr. Ryan as a consultative psychiatrist, the record indicates that Dr. Ryan is a psychologist, not a psychiatrist.

changes in a routine work setting. However, Plaintiff "would require work that is isolated from the public with only superficial and [sic] no direct interaction with the public and only occasional supervision and occasional interaction with co-workers." T.18.

Plaintiff takes issue with Judge McCarthy's determination that "it is clear that the ALJ did consider plaintiff's stressors and reactions in making his findings and RFC determination," in light of the ALJ's inclusion of restrictions in his RFC assessment on Plaintiff's interactions with co-workers and the public. See R&R at 31-32. Judge McCarthy discussed in detail Plaintiff's testimony about his anxiety symptoms, the ALJ's questioning of the vocational expert with regard to the level of social interaction required of certain jobs, and the vocational expert's testimony on this topic. After reviewing this record evidence, Judge McCarthy found that the ALJ's restrictions "sufficiently take into account [P]laintiff's anxiety or stress by reducing what [P]laintiff himself indicated[3] was a cause of his stress: being around other people." R&R at 32.

Plaintiff counters that consultative psychologist Dr. Ryan found "[m]oderate to severe limitation in ability to make appropriate decisions, relate with others, *and deal with stress*." T.242 (emphasis supplied). Plaintiff argues that this phrasing

---

[3] For instance, Plaintiff reported "symptoms of anxiety related to getting along with others" and testified that he "did not like people" and "becomes concerned that they are going to hurt him." R&R at 31 (emphasis and citations to record omitted).

"suggests Dr. Ryan felt that Plaintiff's difficulties in dealing with stress were distinct from his difficulties in dealing with others." Pl's Obj. at 8. However, after reviewing Dr. Ryan's report, the Court cannot find support for Plaintiff's contention that Dr. Ryan believed that Plaintiff's "difficulties in dealing with stress were distinct from his difficulties in dealing with others." In the section of the report titled, "Current Functioning," Dr. Ryan noted that Plaintiff

> speaks of being depressed, irritable, *socially withdrawn*. No thoughts of self harm. A great deal of worry. *He states that he gets panic attacks with palpitations and sweating, He states that occurs when he thinks people are out to "get [him]."* When asked about manic symptomatology, he states he has times when he feels better, but he did not really describe manic episodes. When asked about hallucinations, delusions, or paranoid ideation, he states he sometimes sees shadows. . . .

T.240-41 (emphases supplied). Apart from Plaintiff's feelings of social isolation and concerns about persecution, Dr. Ryan did not refer to any other causes of worry or stress—either that Plaintiff identified himself or that Dr. Ryan independently observed. In sum, the Court finds nothing in Dr. Ryan's report to suggest the existence of a significant source of stress, distinct from Plaintiff's social anxiety, that the ALJ overlooked in formulating Plaintiff's RFC assessment. The Court therefore disagrees with Plaintiff's contentions that the ALJ incorrectly evaluated Dr. Ryan's opinion and erred in formulating the RFC assessment by

not adequately accounting for Plaintiff's difficulties in dealing with stress.

With regard to the remainder of the R&R, as to which no specific objections have been made, the Court finds that it is free of clear error. The Court notes that even if it were to subject the remainder of Judge McCarthy's thorough and detailed R&R to a de novo review, the R&R easily would survive such scrutiny.

**III. Conclusion**

For the foregoing reasons, the Court approves Judge McCarthy's R&R (Dkt #17) and adopts it in its entirety. Defendant's cross-motion (Dkt #14) for judgment on the pleadings is granted, and Plaintiff's motion (Dkt #7) for judgment on the pleadings is denied. The Commissioner's decision denying SSI benefits is affirmed. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   June 8, 2015
         Rochester, New York